STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-18-553

NOAH M. RICCI,                          )
                                        )
            Plaintiff                   )
                                        )
v.                                      )     ORDER ON DEFENDANTS'
                                        )     MOTION TO DISQUALIFY
                                        )     PLAINTIFF'S COUNSEL
SHARON L. TERRY, JOHN                   )
CAMPBELL and DENISE TERRY,              )
                                        )
            Defendants.                 )

STATE OF MAINE
Cumberland ss Clerk's Offic

JUL 09 2019

RECEIVED
4:14 PM

Pending before the Court is Defendants Sharon Terry, John Campbell, and Denise Terry's motion to disqualify Plaintiff Noah Ricci's counsel, Attorney John Lambert of Lambert Coffin.[1] For the following reasons, the motion to disqualify is denied.

I.    Background

The complaint in this case was filed on December 4, 2018 and seeks removal of Defendant Sharon Terry ("Ms. Terry") as Trustee of a trust of which Mr. Ricci is a beneficiary. Defendants filed the instant motion to disqualify Attorney Lambert on March 11, 2019. The motion alleges that in 2000, Attorney Lambert represented Ms. Terry in the negotiation and execution of a prenuptial agreement between Ms. Terry and the late Joseph Ricci, father of Plaintiff Noah Ricci.[2] Defendants argue that as a result of that representation, Attorney Lambert "holds, and appears in this matter to be taking improper and unfair advantage of, confidential information concerning Ms. Terry's personal finances." (Mot. Disqualify ¶ 3.) Defendants further allege, "[r]ather than seeking to help the family mediate a resolution, attorney Lambert has employed

---

[1] Mr. Ricci has also filed a motion to file a surreply. The Court denies the motion to disqualify without considering the surreply, and therefore the motion to file a surreply will be denied as moot.
[2] To clarify, Plaintiff Noah Ricci is Defendant Sharon Terry's stepson.

Plaintiff–John Lambert, Esq.
Defendant–Edward MacColl, Esq.

expensive litigation tactics that [will] waste and that have been wasting what he knows to be Ms. Terry's limited assets." (Mot. Disqualify ¶ 5.)

In response, Attorney Lambert contends that he never personally represented Ms. Terry and that during her relationship with Lambert Coffin, she consulted with Attorney Gary Vogel, who left the firm in 2008. One current Lambert Coffin attorney, Jonathan Harris, attended a meeting between Attorney Vogel and Ms. Terry, but claims to recall nothing more than the fact that a prenuptial agreement was discussed; he does not believe Attorney Vogel actually drafted anything for Ms. Terry. Attorney Lambert further states that Lambert Coffin no longer has possession of Ms. Terry's file and likely destroyed it in 2007 or 2008.

Further elucidating the factual circumstances, Mr. Ricci states that his father passed away in 2001, and Mr. Ricci thereafter sued Ms. Terry, challenging Joseph Ricci's estate plan. Lambert Coffin was not involved in that lawsuit. The parties settled that case in 2004, entering into contractual obligations with one another and establishing the Sharon Terry Trust. That contract and trust are the subject of the current litigation.

When Mr. Ricci contacted Attorney Lambert about the current matter in August of 2018, Attorney Lambert contacted Ms. Terry's counsel, Attorney Edward McColl, to inform him of Lambert Coffin's prior consultation with Ms. Terry. After indicating that he would seek a waiver from Ms. Terry to the extent one was necessary, Attorney McColl replied to Attorney Lambert, "If you can attend mediation (or have someone from your office handle it) on Sept 19, you're in." (Pl.'s Opp'n to Mot. Disqualify, ¶ 15 & Ex. A.) Mr. Ricci then executed an engagement letter with Lambert Coffin. The mediation was unsuccessful, and Attorney Lambert has continued to represent Mr. Ricci in the ensuing litigation.

Defendants concede they cannot dispute Attorney Lambert's assertion that he was not personally involved in the 2000 case. Nonetheless, Ms. Terry maintains that she is uncomfortable with her former law firm representing her stepson in a claim against her.

II.    Discussion

Disqualification of an attorney is only appropriate when 1) the movant establishes, beyond mere speculation, that "continued representation of the nonmoving party by that party's chosen attorney results in an affirmative violation of a particular ethical rule," and 2) the continued representation would result in actual prejudice to the party seeking disqualification. *Morin v. Me. Educ. Ass'n*, 2010 ME 36, ¶¶ 9-10, 993 A.2d 1097.

A. Violation of Ethical Rules

Defendants allege that Attorney Lambert's representation of Mr. Ricci is a violation of M.R. Prof. C. 1.9, pertaining to duties to former clients. They first point to Rule 1.9(a), which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.

Contrary to Defendants' assertions, this rule is inapplicable to this case because, as Defendants concede they cannot dispute, the lawyer who formerly represented Ms. Terry was Attorney Vogel, not Attorney Lambert.

Defendants further rely on Rule 1.9(c), which provides, in relevant part: "A lawyer ... whose present ... firm has formerly represented a client in a matter shall not thereafter" use or reveal confidences or secrets of the former client. Because this subsection more broadly encompasses not just the individual attorney who formerly represented the client, but the entire firm, Attorney Lambert is subject to this subsection. However, Defendants have not made a showing that anyone at Lambert Coffin possesses

confidences or secrets, much less that anyone has revealed confidences or secrets. Attorney Lambert's representations that the lead attorney on the 2000 case left the firm over a decade ago, Ms. Terry's file was likely destroyed over a decade ago, and Attorney Harris only sat in on a single meeting nearly 20 years ago and recalls very little about that meeting, all suggest that Attorney Lambert does not possess, and therefore has not used, Ms. Terry's confidences or secrets.

Also relevant is M.R. Prof. C. 1.10(b), pertaining to imputation of conflicts-of-interest, which states:

> When a lawyer has terminated an association with a firm, the firm is not prohibited from thereafter representing a person with interests materially adverse to those of a client represented by the formerly associated lawyer and not currently represented by the firm, unless:
>
> > (1) the matter is the same or substantially related to that in which the formerly associated lawyer represented the client; and
> > (2) any lawyer remaining in the firm has information protected by Rules 1.6 and 1.9(c) [(*i.e.*, confidential information)] that is material to the matter.

The parties have devoted significant effort to arguing that the 2000 prenuptial agreement is or is not substantially related to the current litigation. Borrowing from Rule 1.9, matters are substantially related "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." M.R. Prof. C. 1.9(d). Comment 3 to Rule 1.9 provides, for example, that a lawyer who represented a businessperson and thereby learned extensive private financial information could not later represent the person's spouse in a divorce. This example is arguably comparable to the present case, but Defendants have nonetheless failed to clearly articulate how any information Lambert Coffin may have obtained in the 2000 consultation is relevant to this case. Moreover, Comment 3 also notes

that "[i]nformation acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related." The connection between 1) Ms. Terry's financial circumstances nearly 20 years ago and 2) her administration of a trust and alleged breach of a contract that were not even in existence when she entered into the prenuptial agreement, is far from clear.

Moreover, as discussed above, Defendants have not demonstrated that any lawyer at Lambert Coffin possesses confidential information material to this matter. According to Attorney Lambert, the only attorney in his firm who might have confidential information about Ms. Terry is Attorney Harris; given his minimal participation in Ms. Terry's case and the length of time that has passed since she consulted with Lambert Coffin, the possibility that Attorney Harris now possesses material confidential information is very remote.

In sum, Defendants' allegation that Attorney Lambert's representation of Mr. Ricci is an ethical violation amounts to little more than speculation that an attorney at Lambert Coffin might possess confidential information about her that is being used in this litigation. Such speculation falls short of the requirement that she demonstrate an "affirmative violation of a particular ethical rule." *Morin*, 2010 ME 36, ¶ 9, 993 A.2d 1097.

B. Prejudice to Ms. Terry

In order to establish prejudice, the movant "must point to specific, identifiable harm she will suffer in the litigation by opposing counsel's continued representation" of the nonmoving party. *Morin*, 2010 ME 36, ¶ 10, 993 A.2d 1097. The only allegation Defendants have made to support this prong of the *Morin* analysis is that by filing a lawsuit rather than resolving this matter at mediation, Attorney Lambert has taken advantage of his knowledge of Ms. Terry's limited financial resources. In so claiming,

Defendants have provided nothing more than a "mere general allegation that Attorney Lambert has some confidential information and relevant information he gathered in the previous relationship," which is insufficient to show prejudice. *Id.* Moreover, it is far more likely that Attorney Lambert filed this lawsuit not to take advantage of Ms. Terry, but simply because the parties were unable to resolve this matter at mediation, which is an entirely predictable step that any attorney would take under such circumstances. Defendants' prejudice argument also falls short of the showing required by the Law Court in *Morin*.

Based on Defendants' assertions, the Court finds there has been no violation of either M.R. Prof. C. 1.9 or 1.10, and as such, Defendants have failed to adequately articulate any prejudice they will suffer by Attorney Lambert's continued representation of Mr. Ricci. This motion therefore must be denied.

III.  Conclusion

For the foregoing reasons, Defendants' motion to disqualify Plaintiff's counsel is DENIED. Plaintiff's motion to file a surreply is DENIED as moot.

A scheduling order will issue in due course. Briefing will resume on the pending motion to compel arbitration. Any memorandum in opposition to the motion to compel arbitration is due within 21 days from the date of this Order. Any reply memorandum is due within 7 days after the filing of the memorandum in opposition.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 7/9/19

Mary Gay Kennedy
Justice, Superior Court

Entered on the Docket: 07/10/19

MG

6 of 6